The Honorable _____

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **VOSS OF NORWAY, A.S.A.,**<br><br>Plaintiff,<br><br>v.<br><br>**PERLAGE SYSTEMS, INC.,**<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN AND VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, VOSS OF NORWAY, A.S.A. ("Plaintiff" or "Voss") by its attorneys, for its complaint against the Defendant, Perlage Systems, Inc. ("Perlage Systems") states and alleges as follows:

## NATURE OF THE CASE

1. This is a complaint for Trademark Infringement, Trade Dress Infringement, Unfair Competition and Dilution arising under the Lanham Act, 15 U.S.C. §1051 *et seq.*, and for

**COMPLAINT**  - 1 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

common law unfair competition, unjust enrichment and violation of the Washington Consumer Protection Act, RCW 19.86.020 *et seq*.

## THE PARTIES

2. Plaintiff Voss of Norway, A.S.A. ("Plaintiff") is a Norwegian corporation having its principal place of business at Bygdoy alle 17, N-0262 Oslo, Norway. Its principal business is the marketing and sale of artesian drinking water from Norway ("VOSS water") sold primarily in distinctive vessels and bottles. Plaintiff does business in this judicial district and elsewhere in the United States.

3. On information and belief, Defendant, Perlage Systems, Inc., is a for-profit Washington corporation having its principal place of business at 1507 Western Ave. #606, Seattle, WA 98101 ("Perlage Systems"). Perlage Systems is engaged in the business of designing, manufacturing, selling and distributing a system for producing carbonated beverages that includes a cylindrical beverage container (the "Perlini System"). The Perlini System is marketed by Defendant to customers throughout the United States, including customers in the State of Washington and in this District.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1331 and 1338(a) and (b). This Court has subject matter jurisdiction over the supplemental state and common law claims pursuant to 28 U.S.C. §§1367 (a).

5. This Court has personal jurisdiction over Defendant because it maintains a principal place of business in the State of Washington.

COMPLAINT   - 2 -   Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as the Defendant maintains a principal place of business in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTS

7. Plaintiff is primarily in the business of producing and supplying bottled artesian drinking water, both still and sparkling, from Norway. Plaintiff is the owner of a number of U.S. trademark registrations, including those set forth below:

| Trademark & Logo | Goods/Services | Serial/Reg. No. | Status/Status Date | Owner |
|---|---|---|---|---|
| VOSS (and Design) | 32 – Non-alcoholic beverages, namely mineral water | 75-753149 2,696,925 | REGISTERED March 18, 2003 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| VOSS ARTESIAN WATER FROM NORWAY (and Design) | 32 - Drinking water | 77-190585 3,394,373 | REGISTERED - March 11, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |

COMPLAINT - 3 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

| Mark | Goods/Services | Serial No. / Reg. No. | Status | Owner |
|---|---|---|---|---|
| (bottle image) VOSS ARTESIAN WATER FROM NORWAY SPARKLING (and Design) (bottle image) | 32 - Drinking water | 77-192175 3,394,377 | REGISTERED - March 11, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| Miscellaneous Design (bottle image) | 32 - Drinking water | 77-294174 3,440,225 | REGISTERED - June 3, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |

**COMPLAINT** - 4 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Telephone: (206) 342-6200

| | | | | |
|---|---|---|---|---|
| Miscellaneous Design | 32 - Drinking water | 78-507373 3,259,981 | REGISTERED - July 10, 2007 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
| Miscellaneous Design | 32 - Drinking water | 78-553604 3,323,854 | REGISTERED - October 30, 2007 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |

**COMPLAINT** - 5 -

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

| Miscellaneous Design | 32 - Drinking water | 78-621197 3,379,806 | REGISTERED - February 5, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
|---|---|---|---|---|

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA  98104
Telephone: (206) 342-6200

| Miscellaneous Design | 32 - Drinking water | 78-621263 3,474,308 | REGISTERED - July 22, 2008 | VOSS OF NORWAY ASA (NORWAY CORPORATION) |
|---|---|---|---|---|

A copy of these relevant registrations as issued by the United States Patent and Trademark Office is attached hereto as Exhibit A ("the VOSS trademarks"). Registration Nos. 2,696,925, 3,440,225, 3,259,981 and 3,323,854 are incontestable and are conclusive evidence of the validity of the mark and of its registration, of Voss' ownership of the mark, and of Voss' exclusive right to use the marks in commerce, pursuant to Section 33 of the Lanham Act, 15 U.S.C. §1115(b).

8. Plaintiff has sold drinking water in a distinctive clear, cylindrical bottle configuration having a substantially uniform radius from the base of the bottle to the top of the cap with a cylindrical cap of the same general diameter in the United States since at least the year

2000 and continuously thereafter up to and including the present time. This configuration is a unique configuration within the beverage market and within the market for beverage containers. A photograph of a typical bottle of VOSS water is reproduced at paragraph 13. Unlike many bottled water producers, Plaintiff has sold its products through licensed alcoholic beverage distributors, and has made strong inroads in the hotel, restaurant, and the wine and alcoholic beverage retail markets. Plaintiff's products are often sold in wine shops and liquor stores, and in clubs, bars and restaurants that sell premium wine and liquor. Plaintiff's products are often sold and offered for sale as a perfect accompaniment to fine wine, or as the perfect mixer to add to fine distilled spirits. Plaintiff innovated the market for selling bottled water in this way and in this channel of trade. Plaintiff advertises in magazines that cater to the wine and spirit market, such as Wine Spectator, and other similar publications.

9. Plaintiff has expended a substantial amount of money and effort in advertising and promoting the VOSS Trademarks, its products, and its distinctive trade dress. These activities include (but are not limited to) print and media advertising, event sponsorships, and product placements in television shows, movies, and celebrity events.

10. The trade dress of VOSS products is not functional. In particular, and without limitation, the distinctive shape of the bottle is not functional but rather does and is intended to evoke the sleek, sophisticated nature of the Plaintiff, of the products Plaintiff offers, and of the reputation and style of the Plaintiff. Plaintiff's trade dress was created by a famous designer, and at significant expense. Plaintiff's bottle shape has received design awards, and wide recognition in the trade.

1   11.     Plaintiff's substantial promotion, advertising, publicity and public relations activities further promote and enhance the goodwill and trademark recognition associated with the trade dress of the Plaintiff and the VOSS trademarks.

12.     As a result of the Plaintiff's extensive efforts to promote its products and its trademarks, the VOSS bottle is well-recognized among consumers, members of the public, the beverage market, and among suppliers and customers for beverage containers.  The distinctive trade dress of the VOSS products and the VOSS trademarks are critical to the success of VOSS. The packaging and overall trade dress of VOSS products is inherently distinctive, has been protected with numerous trademark registrations, and has developed and possesses strong secondary meaning.  Plaintiff's distinctive bottle shape has been knocked off by third parties, and Plaintiff has had a robust policing and enforcement program to protect its brand.  Numerous cease and desist letters and court proceedings have been undertaken by Plaintiff to protect the distinctive bottle shape and trademark. The Voss trademarks are famous and are widely recognized by the general consuming public of the United States as a designation of source of the goods of Plaintiff.

13.     Defendant is marketing, manufacturing and selling a system to make carbonated drinks that includes a cylindrical beverage container (the "Perlini System").  The beverage container in the Perlini System is of a size, shape and configuration extremely and confusingly similar to that of the VOSS bottle and the VOSS trademarks.  Specifically, the container is a clear, cylindrical bottle configuration having a substantially uniform radius from the base of the bottle to the top of the cap with a cylindrical cap of the same general diameter. To the extent that there is any difference in the Defendant's beverage container between the diameter of the base

1  and top as compared to the mid-body region, or between the diameter of the bottom and top edge

2  of the cap, the difference is not discernible to the naked eye in the settings in which consumers

3  typically see the container. A side-by side comparison of the Perlini beverage container and the

4  Voss bottle, reproduced from images appearing on the Internet, is depicted here as Illustration 1:



12        14.     The Perlini System is marketed and used in settings similar or identical to the

13  settings in which VOSS water is encountered by consumers, and the channels of trade

14  significantly overlap. Many common drinks combine water with a distilled spirit, such as scotch

15  and water, or whiskey and water, or include ice cubes made from water. Water and distilled

16  spirits are often sold and consumed together. Still and sparkling water is used to make cocktails.

17  The Perlini System is displayed and marketed via the Internet, and is used in settings in which

18  wine, spirits and water are seen together such as bars, clubs and restaurants. VOSS products are

19  also displayed and marketed to consumers on the Internet, and are used in settings in which wine,

20  spirits and water are seen together such as bars, clubs and restaurants. Both VOSS products and

21  the Perlini System are marketed in the same or similar channels such as wine and spirits

22  publications. VOSS products are distributed by wine and spirits distributors for use in bars and

restaurants, and the cylindrical beverage container of the Perlini System is used in bars and restaurants at the open bar in full view of consumers.

15. The configuration, appearance, shape, design and look of the Defendant's beverage container depicted in paragraph 13, above, is virtually identical to the trade dress and packaging of, and are a colorable imitation deceptively and confusingly similar to, the VOSS bottle and the VOSS trademarks. The Perlini System is closely related to Plaintiff's products. The beverage container of the Perlini System is virtually indistinguishable from a VOSS bottle, particularly in images that appear on the Internet and in bars, clubs and restaurants. Consumers seeing Defendant's bottle will likely believe that the Perlini System is made or endorsed by or associated with Plaintiff, or is intended to be consumed with Plaintiff's water, or blended therewith, or that the Perlini System is a "high end" product because it appears to be a VOSS product. Such beliefs are erroneous, unfairly benefit Defendant and harm Plaintiff. Moreover, the carbonated drinks made with the Perlini System infringe upon the market for sparkling water, and therefore harm Voss, which markets sparkling as well as still water.

16. On information and belief, Defendant has sold its Perlini System including the infringing beverage containers in interstate commerce, within the state of Washington, and elsewhere.

17. The manufacture, sale, distribution, promotion, and advertising of the infringing beverage containers cause harm to the Plaintiff in Washington and elsewhere.

18. There is no association or affiliation of any kind between Plaintiff and the Defendant.

19. Defendant has proceeded without the permission or consent of Plaintiff.

20. Plaintiff has no control over the manner of use of its trademark by the Defendant when the Defendant sells products incorporating the trade dress and product configuration of the Plaintiff's VOSS bottle and VOSS trademarks.

21. The Defendant has been notified in writing of the Plaintiff's trademark and configuration rights and has had actual notice of the Plaintiff's registered trademarks and its claim of infringement since at least January 2012.

22. Defendant has refused to stop the manufacture, sale, and distribution of its infringing products, and the continued use of the trademarks and trade dress of the Plaintiff by Defendant causes continuing damage to Voss.  Defendant has not offered to compensate Plaintiff in any way for its injury and damage, and ongoing use by Defendant of the accused trade dress causes ongoing damage to Voss.

## COUNT I
## INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS
## 15 U.S.C. §1114

23. Plaintiff repeats and realleges paragraphs 1-22 above.

24. Plaintiff owns a distinctive and protected trade dress and configuration trademark for the overall trade dress and packaging for its VOSS water as illustrated in the trademark rights and United States federal trademark registrations it owns.  The Principal Registrations Voss owns are evidence of its ownership of the marks shown, the validity of the registrations and its exclusive right to use those marks in commerce with respect to drinking water.

25. Defendant's continued promotion of and sale of beverage containers under a confusingly similar and deceptively similar trade dress and product configuration is likely to cause confusion, mistake or deception among consumers and potential consumers.  Customers

and potential customers are likely to believe that the Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with, designed for use with or are associated with Plaintiff when that is not true.

26. Defendant's activities will have and have had a substantial adverse effect on Plaintiff's business and the goodwill in the Voss Trademarks.

27. As a direct and proximate result of the likely confusion, mistake, deception, and false creation of the perception of affiliation, sponsorship, or endorsement, Plaintiff has suffered and will continue to suffer actual damages and irreparable harm if the Defendant's conduct is not enjoined. This harm cannot be adequately compensated solely by money damages.

28. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover the costs of this action. The intentional nature of Defendant's conduct, renders this an "exceptional case" entitling plaintiff to recover its attorneys' fees under 15 U.S.C. § 1117(a).

## COUNT II
## TRADE DRESS INFRINGEMENT
## 15 U.S.C. §1125(a)

29. Plaintiff repeats and realleges paragraphs 1-28 above.

30. Plaintiff is the owner of a distinctive mark and the overall trade dress and product configuration for its VOSS water, VOSS bottle, and the overall appearance of its cylindrical, clear bottle configuration. Plaintiff's trade dress consists of a substantially clear cylindrical bottle having a substantially uniform radius from the base of the bottle to the top of the cap and a cylindrical cap of substantially the same diameter.

31. Defendant's continued promotion and sale of containers having a virtually identical trade dress and product configuration, namely, a substantially clear cylindrical bottle

having a substantially uniform radius from the base of the bottle to the top of the cap and a cylindrical cap of substantially the same diameter, is likely to cause confusion, mistake or deception as to the source of origin of such products, and customers and potential customers of the same are likely to believe that the Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with or associated with Plaintiff when that is not true.

32. Defendant's activities have had and will continue to have a substantial adverse effect on Plaintiff's existing and future business, as well as the goodwill Plaintiff enjoys in its trade dress and product configuration.

33. As a direct and proximate result of this likely confusion, mistake, or deception, Plaintiff has suffered and will continue to suffer actual damage and irreparable harm if the Defendant's conduct is not enjoined. Plaintiff's harm cannot be adequately compensated solely by money damages.

## COUNT III
## PRODUCT CONFIGURATION INFRINGEMENT
## 15 U.S.C. §1125(a)

34. Plaintiff repeats and realleges paragraphs 1-33 above.

35. Plaintiff enjoys and holds a product configuration protectable at law in the appearance of its cylindrical, substantially clear bottle having a substantial uniform radius from the base of the bottle to the top of the cap and including a cylindrical cap of substantially the same diameter.

36. Defendant has infringed the product configuration of the Plaintiff by the manufacture, sale, advertising, and promotion of a product having a confusingly similar product configuration, namely, a substantially clear cylindrical bottle having a substantially uniform

radius from the base of the bottle to the top of the cap and a cylindrical cap of substantially the same diameter. The products sold by the Defendant accused of infringement are closely related in nature, use, intended customers, function, and overall look and feel to the products of the Plaintiff.

37. As a direct and proximate result of the confusing similarity of the Defendant's product with the product configuration of the Plaintiff, Plaintiff has suffered and will continue to suffer actual damage and irreparable harm if the Defendant's conduct is not enjoined. The harm to the Plaintiff cannot be adequately compensated solely by money damages.

## COUNT IV
## FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. §1125(a)

38. Plaintiff repeats and realleges paragraphs 1-37 above.

39. The Defendant is passing off its products as having come from the Plaintiff, or having been endorsed, affiliated, sponsored by, or endorsed by the Plaintiff. The Defendant is creating a false designation of origin and is deceiving and confusing customers through the violation of the rights of the Plaintiff as set forth herein.

40. As a direct and proximate result of the likely confusion, mistake, or deception and passing off engaged in by the Defendant, Plaintiff has suffered and will continue to suffer actual damage and irreparable harm if the Defendant's conduct is not enjoined. Plaintiff cannot be adequately compensated for this violation of Section 43(a) of the Lanham Act.

## COUNT V
## TRADEMARK DILUTION
## 15 U.S.C. §1125(c)

41. Plaintiff repeats and realleges paragraphs 1-40 above.

42. The Voss Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

43. The Voss Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C § 1125(c)).

44. Defendant's use of Plaintiff's product configuration without authorization from Plaintiff impairs the distinctiveness of the famous marks of Plaintiff and causes dilution by blurring.

45. Upon information and belief, Defendant has intentionally and willfully impaired the distinctive quality of the Voss Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

46. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is not entitled in law or equity.

47. Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

48. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff cannot be adequately compensated for this violation of Section 43(c) of the Lanham Act.

## COUNT VI
## WASHINGTON CONSUMER PROTECTION ACT (RCW §19.86.020)

49. Plaintiff repeats and realleges paragraphs 1-48 above.

50. Defendant's actions infringe the Voss Trademarks and constitute an unfair method of competition and business and an unfair trade practice in violation of the Washington Consumer Protection Act, RCW §19.86.020.

51. Defendant's infringing use of the Voss Trademarks in connection with the promotion, marketing and sale of its goods and services has been knowing, willful and deliberate.

52. The actions of the Defendant have caused irreparable harm and damage to the Plaintiff by reason of Defendant's unfair methods of competition and unfair trade practices in violation of the Washington Consumer Protection Act. Such irreparable damage will continue unless the acts of Defendants are enjoined during the pendency of this action and thereafter.

53. Defendants' practices are damaging to the public interest because they are likely to cause confusion or mistake or to deceive consumers.

54. Plaintiff has been injured as a result of Defendant's conduct within the meaning of RCW 19.86.020.

## COUNT VII
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

55. Plaintiff repeats and realleges paragraphs 1-54.

56. By engaging in the acts herein alleged, Defendant has infringed Voss' common law trademark rights in Washington State and elsewhere, causing injury to Plaintiff.

Merchant & Gould P.C.
701 Fifth Avenue, Suite 4100
Seattle, WA 98104
Telephone: (206) 342-6200

57.     Defendant's infringing use of the Voss Trademarks has been knowing, willful and deliberate.

58.     Plaintiff has been and will continue to be irreparably injured by reason of Defendant's unauthorized use of the Voss Trademarks in connection with Defendant's goods and services. Such irreparable damage will continue unless the acts of Defendants are enjoined during the pendency of this action and thereafter.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

**WHEREFORE**, Plaintiff prays that the Court enter an order:

A.     Preliminarily, and then permanently, enjoining, and restraining the Defendant, its members, managers, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through or under Defendant, at first during the pendency of this action and thereafter perpetually:

1) From importing into, distributing and/or selling in the United States a beverage container utilizing the trade dress depicted in Exhibit A of the Complaint;

2) From using the trade dress and/or packaging depicted in Exhibit A, or any imitation thereof, in any promotional materials or advertising, including any advertising appearing over the Internet;

3) From committing any acts of trademark infringement, trade dress infringement, product configuration infringement, unfair competition and/or from implying a false designation or origin or a false description or representation with respect to Plaintiff's trade dress and packaging;

   4) From committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off goods/services which are not Plaintiff's goods/services as those of Plaintiff;

   5) From committing any acts of diluting the distinctive quality of the Voss Trademarks and decreasing the capacity of such marks to identify and distinguish Plaintiff's products;

   6) From committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe mistakenly that Defendant's goods/services are the goods/services of Plaintiff or are sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff, or are under the supervision of control of Plaintiff; and

   7) From otherwise unjustly enriching at Plaintiff's expense.

  B. An order requiring that the Defendant destroy any and all containers, signs, packaging materials, printing plates and advertising or promotional materials, and any materials used in the preparation thereof, which in any way infringe upon, unlawfully use or make reference to Plaintiff's trademark and/or trade dress as depicted in Exhibit A to the Complaint, in connection with Defendant's products.

  C. An order requiring that Defendant, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which Defendant has complied with the Court's order pursuant to paragraphs A and B above.

1       D.    An order requiring Defendant to account and pay over to Plaintiff all damages sustained by Plaintiff, Defendant's profits, Plaintiff's attorneys fees, and costs, and order that the amount of damages awarded Plaintiff be increased three times the amount thereof.

     E.    Awarding Plaintiff such other relief as the Court may deem just and proper.

Dated this 30th day of October, 2013

                          Respectfully submitted,

                          **MERCHANT & GOULD P.C.**

                          *s/ Regina V. Culbert*
                          Regina V. Culbert, WSBA # 30213
                          701 Fifth Avenue, Suite 4100
                          Seattle, WA  98104
                          Tel:  (206) 342-6200
                          Fax:  (206) 342-6201
                          E-mail:  rculbert@merchantgould.com

                          *Attorneys for Plaintiff, Voss of Norway A.S.A.*